UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BLAKE WINGATE,

                Plaintiff,

-against-

New York City; Correction Officer CALDWELL,
GRVC law library employee; Warden PERRINO,
RMDC,

                Defendants.
-----------------------------------------------------------X

MEMORANDUM
AND ORDER
14 CV 4007 (ARR)

ROSS, United States District Judge:

On June 25, 2014, plaintiff Blake Wingate, currently incarcerated at the George R. Vierno Center (GRVC) on Rikers Island, filed this *pro se* action. Plaintiff utilizes a form "complaint for employment discrimination" and alleges violations under the New York State and New York City Human Rights Laws. He seeks back pay from 1987 to the present and punitive damages. The court grants plaintiff's request to proceed *in forma pauperis*. The complaint is dismissed as set forth below.

## Background

Plaintiff is no stranger to the federal courts. He has filed over 25 *pro se* complaints in the federal district courts, including this Court and the Southern District of New York. Plaintiff's handwritten allegations are difficult to read, but he appears to allege that he was paid less than the minimum wage for work he performed while incarcerated as a pretrial detainee. Compl. 1-4. Plaintiff also alleges that he was denied legal copies and law library services by C.O. Caldwell and Warden Perrino which impeded his cases and his work as a "jailhouse lawyer." *Id.* at ECF pp. 9-14.

Around the same time, plaintiff filed two more cases in this court which raise the same claims concerning law library access and services. *See Wingate v. City of New York, et al.*, No. 14 CV 4063 (ARR) (LB) (filed June 27, 2014) and *Wingate v. City of New York, et al.*, No. 14 CV 4316 (ARR) (LB) (filed July 7, 2014).

## **Standard of Review**

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nonetheless, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

A. <u>Minimum Wage Claims</u>

This court does not have subject matter jurisdiction over plaintiff's wage claim arising under the New York State and New York City Human Rights Laws. *See* Compl. at 1. Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction; § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a). Here, plaintiff alleges that defendants violated state and city laws. As such, plaintiff's claims concerning the defendants' failure to pay the minimum wage does not arise under federal law and does not invoke diversity jurisdiction. Fed. R. Civ. P. 12(h)(3). Even if liberally construed as alleging a violation of federal law, this allegation still fails to state a claim. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii). Prisoners are generally not considered employees within the meaning of the Fair Labor Standards Act. *See Danneskjold v. Hausrath*, 82 F.3d 37, 40 (2d Cir. 1996); *Kavazanjian v. Naples*, No. 06 CV 3390, 2006 WL 2795220, at *3 (E.D.N.Y. Sept. 26, 2006). Plaintiff has also raised this claim unsuccessfully in prior cases. *Wingate v. Quattrochi*, No. 14 CV 2666 (ARR), slip op. (E.D.N.Y. May 15, 2014); *Wingate v. N.Y.C. Dep't of Corrections*, No. 01 Civ. 2702, slip op. (S.D.N.Y. Mar. 29, 2001).

B. <u>Remaining Claims</u>

However, the court liberally construes plaintiff's remaining claims regarding the alleged denial of legal copies, blocking "outgoing legal indigent mail for 30 or more days," denial of postage, issues regarding services, scheduling and lack of access at the law library, *see* Compl. at ECF pp. 9-14, as arising under the Civil Rights Act, 42 U.S.C. § 1983.

1. City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of N.Y.*, 789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard . . . ."). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Therefore, plaintiff has not made the required showing to confer *Monell* liability on the City of New York and the claims against the City of New York are dismissed. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

2. Duplicate Claims

In *Wingate v. City of New York, et al.*, No. 14 CV 4063 (ARR) (LB) (filed June 27, 2014), plaintiff makes similar if not duplicate allegations against C.O. Caldwell and Warden Perrino regarding law library access and services while detained on Rikers Island.

That case is currently pending and no useful purpose would be served in allowing these duplicate claims to proceed. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts are required to "consider the equities of the situation"). This policy protects judicial resources against the abuse of vexatious litigation and fosters the "comprehensive disposition" of disputes." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Therefore, the Second Circuit has held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 139. Thus, the claims against C.O. Caldwell and Warden Perrino regarding, *inter alia*, law library access and services, *see* Compl. at ECF pp. 9-14, are dismissed without prejudice to the litigation pending in *Wingate v. City of New York, et al.*, No. 14 CV 4063 (ARR) (LB) (filed June 27, 2014).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii) and as a duplicate of No. 14 CV 4063 (ARR). Plaintiff's application for *pro bono* counsel is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R.
_____
Allyne R. Ross
United States District Judge

Dated: July 25, 2014
Brooklyn, New York

5